Filed 1/31/23  P. v. Smith CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEENAN K. SMITH,<br><br>    Defendant and Appellant. | B323003<br><br>(Los Angeles County<br>Super. Ct. No. BA371222) |

APPEAL from an order of the Superior Court of Los Angeles County, Renee F. Korn, Judge.  Affirmed.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Keenan Smith appeals from an order denying his petition for resentencing under Penal Code[1] section 1172.6.[2] His appellate counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), asking us to independently review the appeal. Exercising our discretion to independently review the record (*People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*)),[3] we conclude that the trial court properly denied the petition.

In its order denying Smith's petition, the trial court summarized the facts as follows. In 2009, Edison Armstrong broke up a fight between Smith's wife and another woman. The

---

[1]    All further undesignated statutory references are to the Penal Code.

[2]    Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

[3]    While this matter was pending on appeal, our California Supreme Court issued *Delgadillo*, *supra*, 14 Cal.5th 216. The court held that the procedures in *Anders v. California* (1967) 386 U.S. 738 and *Wende* do not apply to appeals from the denial of postconviction relief under section 1172.6. The court instructed that on appeal from an order denying section 1172.6 relief, a counsel who finds no arguable issue should file a brief informing the appellate court of that determination and include a concise factual recitation. (*Delgadillo*, at pp. 231–232.) The appellate court shall send a copy of the brief to the defendant informing the defendant of the right to file a supplemental brief and that if one is not filed within 30 days, the court may dismiss the matter. (*Ibid.*) If a supplemental brief is filed, we must evaluate the contentions in it. (*Id.* at p. 232.) If a supplemental brief is not filed, we may dismiss the appeal as abandoned without a written opinion. (*Ibid.*) However, we retain discretion to independently review the record. (*Ibid.*)

next day, Smith nearly hit Armstrong with his car, pointed a gun at Armstrong, and shot at Armstrong as he ran away. A week later, Smith drove to Armstrong's house and fired several shots at him.

In 2010, a jury found Smith guilty of two counts of attempted murder (§ 187, subd. (a), counts 1 & 2) and one count of possession of a firearm by a felon (§ 12021, subd. (a)(1); count 3). As to the attempted murder counts, the jury found that Smith personally used and discharged a gun (§§ 12022.5 subd. (a); 12022.53, subd. (c)). The jury found true the allegation that the attempted murder charged in count 2 was premeditated and deliberate but found the same allegation not true as to count 1.

On May 23, 2011, the trial court sentenced Smith on count 2 to life with a minimum parole eligibility period of seven years, doubled to 14 years due to a prior strike that had been found true, 20 years for the gun enhancement (§ 12022.53, subd. (c)), and five years for a prior conviction (§ 667, subd. (a)). The trial court imposed concurrent sentences on counts 1 and 3 and imposed and stayed terms on the remaining enhancements.

In 2022, Smith petitioned for resentencing on his attempted murder convictions under section 1172.6. The trial court appointed counsel to represent Smith. The People opposed the petition on the ground that Smith was not prosecuted under the natural and probable consequences doctrine. In support, the People submitted the jury instructions from Smith's trial. The trial court held a hearing on the petition at which Smith was not present and at which his counsel submitted on his papers.

On June 3, 2022, the trial court found that Smith was ineligible for relief as a matter of law and denied the petition.

3

This appeal followed. Court-appointed appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *Wende, supra*, 25 Cal.3d 436. We directed appellant's counsel to send Smith the record and a copy of the opening brief, and we advised that within 30 days of the date of the notice, Smith could submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments he wished this court to consider. However, the notice was defective because it did not inform Smith that if he did not submit a supplemental brief, his appeal could be dismissed as abandoned. (*Delgadillo, supra*, 14 Cal.5th at pp. 233-234.) Therefore, as did the court in *Delgadillo*, we exercise our discretion and independently review the record.

Senate Bill No. 1437 (2017–2018 Reg. Sess.) limited accomplice liability under the felony-murder rule, eliminated the natural and probable consequences doctrine as it relates to murder, and eliminated convictions for murder based on a theory under which malice is imputed to a person based solely on that person's participation in a crime. (§ 1172.6, subd. (a) [added by Sen. Bill No. 1437]; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959*; People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) Senate Bill No. 1437 added section 189, subdivision (e) (limiting application of the felony-murder rule) and section 188, subdivision (a)(3) (stating that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime."). As amended, section 188 "bars a conviction for first or second degree murder under a natural and probable consequences theory." (*Gentile*, at p. 846.) Senate Bill No. 775 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 551) expanded Senate Bill No. 1437 to include

convictions for attempted murder under the natural and probable consequences doctrine.

As the trial court found, Smith's jury was not instructed on felony murder, the natural and probable consequences doctrine, aiding and abetting, or any other theory under which malice could be imputed to him based on his participation in the crime. (§ 1172.6, subd. (a).) The jury also found true personal gun use allegations (§§ 12022.5 subd. (a); 12022.53, subd. (c)) and a premeditation allegation as to count 2. The record therefore shows that Smith was the sole participant in the crime and the actual attempted killer. (See, e.g., *Delgadillo*, *supra*, 14 Cal.5th at p. 233 [defendant ineligible for § 1172.6 relief where record made clear Delgadillo was actual killer and only participant in the killing].)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.

We concur:



LAVIN, J.



NGUYEN (KIM), J.*

---

\*      Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6